UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES, )<br>)<br>   Plaintiff, )<br>   vs. )<br>)<br>JASON ANTHONY LEIBOLD, )<br>)<br>   Defendant. )<br>_____ ) | Case No.: 2:15-cr-00354-GMN-PAL<br><br>**ORDER** |

On June 1, 2016, Defendant Jason Anthony Leibold filed a Motion for Modification of Judgment of Conviction. (ECF No. 52). Defendant's Motion requested a modification of the Court's recommended location for Defendant's incarceration. At sentencing, defense counsel represented that Defendant's family would be remaining in Las Vegas, NV, and asked the Court to recommend Defendant be placed in a federal facility close to Las Vegas, NV, with mental health treatment. (Tr. of Sentencing 57:2–7, ECF No 49). Defense counsel also requested a facility with the RDAP program. (*Id.* at 57:19–22). The Court granted both requests and placed those recommendations on Defendant's Judgment of Conviction. (J. Conviction 2, ECF No. 48). Defendant's Motion requested that the Court now specify Phoenix, AZ, as the location closest to family, while preserving the mental health treatment and RDAP program recommendations. (Mot. 2:3–6, ECF No. 52).

On June 2, 2016, the Court granted Defendant's Motion, ordering that Defendant's Judgment of Conviction be amended. (ECF No. 53). It has since come to the Court's attention, however, that the Court lacked jurisdiction to order that Defendant's Judgment of Conviction be amended to modify a location recommendation.

Federal Rules of Criminal Procedure 35 and 36 are the procedural tools for a court to modify a sentence. Rule 35 states: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Rule 36 allows for a correction at any time, it requires an error "arising from oversight or omission." Fed. R. Crim. P. 36. As such, both Rules refer to the correction of errors.

Here, Defendant is not requesting that the Court correct an error, but instead to make a change. The Court lacks jurisdiction to make such change under either applicable rule of Federal Rule of Criminal Procedure. As such, the Court must vacate its previous Order (ECF No. 53) and deny Defendant's Motion.

Nevertheless, the Court can make a recommendation for a defendant to be placed in a certain facility or location at the time of sentencing, even though the Court cannot guarantee such recommendation will be followed by the Bureau of Prisons. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . considering - . . . (4) any statement by the court that imposed the sentence"). Because the Court initially recommended Las Vegas, NV, specifically for Defendant to be located near family, the Court now recommends that the Bureau of Prisons place Defendant at or near Phoenix, AZ, to be close to family, while preserving his access to mental health treatment and the RDAP program.

**IT IS HEREBY ORDERED** that the Court's Order (ECF No. 53) is **VACATED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Modification of Judgment of Conviction (ECF No. 52) is **DENIED**.

**IT IS HEREBY RECOMMENDED** that Defendant be able to serve his term of incarceration in Phoenix, Arizona, with access to mental health treatment.

///

///

**IT IS FURTHER RECOMMENDED** that Defendant be allowed to participate in the RDAP program.

The Clerk of the Court shall send a copy of this Order to the U.S. Marshal's Office and instruct the U.S. Marshal's Office to notify the Bureau of Prisons of the Court's recommendations.

**DATED** this 10th day of June, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge